# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 2000 SESSION



**FILED**

**February 10, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **NO. W1999-01468-CCA-R3-CD** |
| Appellee, | ) | |
| | ) | **HARDEMAN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JON KERRY BLACKWOOD,** |
| **BRANDON MARIO BILLS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Delivery of Cocaine) |

**FOR THE APPELLANT:**

**G. WILLIAM HYMERS III**
213 E. Lafayette Street
P.O. Box 98
Jackson, TN  38301

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**TARA B. HINKLE**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**ELIZABETH T. RICE**
District Attorney General

**JAMES W. FREELAND, JR.**
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

**OPINION**

A Hardeman County jury convicted defendant of delivery of less than 0.5 grams of cocaine, a Class C felony. The trial court sentenced defendant to serve four years as a Range I standard offender in the Tennessee Department of Correction. In this appeal as of right, defendant challenges the sufficiency of the evidence upon which the jury based its conviction. Upon our review of the record, we **AFFIRM** the judgment of the trial court.

**I. FACTS**

As part of a long-term undercover drug operation with the Bolivar Police Department, undercover agent Kenneth Jones (hereinafter "Agent Jones") disguised himself as a drug user. In order to avoid detection as a police officer, he wore casual clothing, drove a 1989 Cadillac and carried a beer of which he consumed a small amount prior to the transaction.

On November 18, 1997, Agent Jones met Investigator Michael Jones (hereinafter "Investigator Jones") of the Bolivar Police Department. Investigator Jones provided Agent Jones cash with which to make a drug buy and information that Margin Street might yield a successful transaction.

At approximately 2:00 p.m., defendant flagged down Agent Jones' car and approached the passenger side window.[1] Agent Jones requested $20.00 worth of cocaine. Defendant walked over to another vehicle and returned approximately thirty seconds later with the drugs which he exchanged for Jones' $20.00. The drugs subsequently tested to be 0.1 grams of cocaine.

After purchasing the cocaine, Agent Jones returned to a predetermined meeting place and turned the drugs over to Investigator Jones. A few minutes later, Investigator Jones went to the location of the transaction in an unmarked car. He spotted defendant whom he knew by sight and name. The defendant ran away

---

[1] The Cadillac was equipped with a videotaping device. However, the device was positioned to show activity on the driver's side of the vehicle. Because this transaction occurred on the passenger-side of the car, the videotape did not show defendant.

when he saw Investigator Jones. Agent Jones identified defendant as the individual involved in the transaction by picking his photograph from a book of "mug shots" provided by Investigator Jones that afternoon.

Investigator Jones and Agent Jones arrested defendant several months later at the end of the undercover operation. At the time, Agent Jones identified defendant as one of the many individuals who sold him illegal drugs. Both officers made positive in-court identifications of the defendant as the individual that delivered cocaine to Agent Jones on November 18, 1997.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant challenges the sufficiency of the evidence used to convict him of delivery of cocaine. Specifically, he claims that Agent Jones' identification of him is questionable given the transaction's short time span, the agent's consumption of beer prior to the transaction, and the discrepancies between Agent Jones' description of the suspect in his field notes versus the description in Investigator Jones' arrest report.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

In this instance, the proof at trial established that defendant delivered 0.1 grams of cocaine to undercover agent Kenneth Jones. Agent Jones picked defendant's picture from a book of photographs as the person who delivered the cocaine. Investigator Michael Jones spotted defendant at the scene of the

transaction just minutes after the sale, and the defendant ran away. Both officers identified defendant at trial.

The effect of Agent Jones' consumption of beer on his credibility, given the transaction's short time span, was a question for the jury to resolve. *See* Sheffield, 676 S.W.2d at 547; Brewer, 932 S.W.2d at 19. Likewise, the fact that Agent Jones' description of defendant (approximately 5'11'' and about 160 pounds) differed from the description in Investigator Jones' arrest report (either 6'3" or 63" and approximately 140 pounds)[2] is not determinative.

Agent Jones testified that the transaction took less than a minute. He testified that he consumed perhaps "two swallows" of a beer prior to the drug buy. Both Agent Jones and Investigator Jones testified that it is common to carry and consume alcohol in the course of an undercover operation in order to fit in and avoid detection as a police officer.

The jury heard testimony regarding the officers' identification of defendant as the person involved in this transaction. It heard the discrepancies in descriptions, as well as the positive in-court identifications. The return of a guilty verdict resolved all testimonial conflicts in the state's favor. *See* State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994).

Taking this evidence in the light most favorable to the state, the jury could reasonably find that the defendant unlawfully delivered cocaine to Agent Jones. The evidence is sufficient to sustain defendant's conviction. This issue is without merit.

**CONCLUSION**

Based upon the foregoing, we **AFFIRM** the judgment of the trial court.

---

[2]Apparently, the writing on the arrest report was illegible and the description of defendant's height could be read one of those two ways.

                                    _____
                                    **JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**JOHN EVERETT WILLIAMS, JUDGE**


_____
**ALAN E. GLENN, JUDGE**